IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Whitehorse Ducharme,<br><br>    Defendant, | Case No.: 3:20-CR-00120<br><br>**DEFENDANT WHITEHORESE DUCHARME'S SENTENCING MEMORANDUM** |

**ATTORNEYS OF RECORD**

| **Defense Counsel** | **Assistant U.S. Attorney** |
|---|---|
| Nicole L. Bredahl | Dawn M. Deitz |
| Attorney at Law | Assistant United States Attorney |
| 3431 4th Avenue S., Suite 200 | District of North Dakota |
| Fargo, ND 58103 | 655 First Avenue North, Ste 250 |
| Tele: (701) 298-9363 | Fargo, ND 58102 |
| E-Service: office@ndjustice.com | Tele: (701) 297-7400 |
| nicole@ndjustice.com | dawn.deitz@usdoj.gov |

**RULE 32(F) COMPLIANCE**

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, Attorney Bredahl consulted with the Defendant, Whitehorse Ducharme (herein after referred to as "Whitehorse"), regarding the Presentence Investigation Report (PSI) and AUSA Dawn M. Deitz, and U.S. Probation Officer, Noel Lehmkuhl-King.

1

## PROCEDURAL HISTORY

Defendant, Whitehorse Ducharme is the subject of an Information which charged Whitehorse with Aggravated Sexual Abuse of a Minor, in violation of Title 18, United States Code § 2244(c) and 1152 and Abusive Sexual Contact, in violation of Title 18, United States Code § 2244(a)(5) and 1152. [Docket No. 1]. The United States and Whitehorse entered into a written Plea Agreement and Plea Agreement Supplement, and they were filed on October 20, 2021 [Docket Nos. 41 and 42]. An Information was filed in respect to only Count 1 of the Indictment on October 20, 2021. [Docket No. 43]. A Waiver of Indictment, Filing of Information, and Plea Hearing was held on November 1, 2021. [Docket No. 46].

Attorney Nicole L. Bredahl was appointed to represent Whitehorse in this matter on May 19, 2022. [Docket No. 59]. Ms. Bredahl noted her appearance as attorney of record in this case on May 26, 2022. [Docket No. 62]. A transcript of the Waiver and Plea Hearing was requested by Whitehorse and subsequently filed upon completion on January 31, 2023. [Docket No. 71]. Whitehorse is currently scheduled to be sentenced during a Sentencing Hearing on May 3, 2023.

## GUIDELINE RANGE CALCULATION

Following United States v. Booker, 543, U.S. 220 (2005) the Guidelines are advisory, not mandatory. A sentence below the Guideline range does not require extraordinary circumstances or the use of rigid mathematical formulae. Id. at 47. The Court should consider all the 18 U.S.C. Section 3553(a) factors to determine whether they support the sentence requested by a party, without presuming the guideline range is

reasonable.  Id. at 49-50.  In considering those factors, "the Court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006).

According to United States v. Francis, 462 F.3d 810 (8th Cir. 2006), courts in the Eighth Circuit Court of Appeals follow a three-step process when imposing a sentence.  First, the court determines a proper sentencing guidelines range.  Second, the court determines whether a departure is warranted under the guidelines.  Third, the court looks to 18 U.S.C. § 3553(a) to determine if a variance is warranted.

When conducting this sentencing process, the court should be guided by the Supreme Court's holding in Rita v. United States, 551 U.S. 338 (2007).  In Rita, the Supreme Court held that a sentencing court is to apply a sentence that is "sufficient, but not greater than necessary" to meet the sentencing goals laid out in § 3553(a). Id.  Under Rita, the sentencing court may impose a sentence lower than the guidelines contemplate because the case does not fall within the "heartland" of cases to which the guidelines intended to apply, because the recommended sentence under the guidelines does not meet the goals of § 3553(a), or because the case warrants a lower sentence regardless of the guidelines.  Id.  Thus, a sentencing court is free to impose a sentence lower than the guidelines recommend in order to meet the goals of sentencing contemplated by § 3553(a) (stating factors such as age, education, mental condition, drug or alcohol addiction can now be considered by the sentencing court).

"A post-Booker sentence normally should be determined in a sequential manner, with the district court first determining the applicable guideline range, then determining whether any traditional guideline departures are warranted, and finally considering the possibility of varying from the guideline sentence based on the factors in § 3553(a). United States v. Coyle, 506 F.3d 680, 683 (8th Cir. 2007). The sequential ordering process was developed to maintain distinction between sentencing "departures" and "variances." Id. After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the court may then consider a variance pursuant to 3553(a) factors.

In determining an appropriate sentence, the court in this case must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for – the applicable category of offense committed by the applicable category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). In reviewing these factors, the court must impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing. Id. In this case, Jimmie respectfully requests departure be granted after application of the 3553(a) factors.

## BUREAU OF PRISON DESIGNATION

Whitehorse respectfully requests, if the Court imposes a term of imprisonment that he be allowed to self-surrender to the designated Bureau of Prison. Further, Whitehorse

4

requests the Court recommend placement at the Bureau of Prisons lowest level security facility closest to Huntsville, Alabama.

## FEDERAL BENEFITS

Whitehorse respectfully requests that the Court not issue a denial of benefits. The Court has the discretion to deny federal benefits for up to 5 years under 21, U.S.C. § 862(a)(1)(A).

## SENTENCING RECOMMENDATION

In conclusion, Whitehorse respectfully requests that your Honor sentence him to a sentence that fulfills the sentencing goals and satisfies the general purposes of sentencing including the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense. The positions stated herein would achieve a sentence sufficient, but not greater than necessary, to comply with purposes and factors outlined in 18 U.S.C. §3553(a)(2).

Dated: May 1, 2023.

        Respectfully submitted,

        BARKUS LAW FIRM, P.C.

        */s/ Nicole Bredahl*
        _____
        Nicole L. Bredahl, ND ID#04717
        3431 4th Avenue South, Suite 201
        Fargo, North Dakota 58103
        Tele: (701) 532-2498
        Fax: (701) 298-9363
        E-Service: eservice@barkuslawfirm.com
        Email: nicole@barkuslawfirm.com
        ATTORNEYS FOR DEFENDANT