IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Whitehorse Ducharme, | ) |
| Petitioner, | ) **ORDER ON MOTION TO VACATE,** |
|  | ) **SET ASIDE, OR CORRECT SENTENCE** |
| v. | ) |
|  | ) Case No. 3:24-cv-125 |
| United States of America, | ) |
| Respondent. | ) |

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:20-cr-120 |
| Whitehorse Ducharme, | ) |
| Defendant. | ) |

Petitioner Whitehorse Ducharme moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 91. The United States opposes the motion. Doc. 93. Ducharme filed a reply containing a multitude of new additional facts and claims. Doc. 100.

In addition to his § 2255 motion, Ducharme filed numerous ancillary motions, including a "Motion to Amend or Correct" (Doc. 98), a "Motion for Evidentiary Hearing" (Doc. 101), a "Motion For Subpoena" (Doc. 103), and an "Ex Parte Motion For Subpoena Ad Testificandum" (Doc. 104). After careful review, all of the motions are denied.

**I.     FACTUAL BACKGROUND**

In 2016, 11-year-old L.W. disclosed to a school psychologist that Ducharme sexually abused her. Doc. 55 at 4. Ducharme is L.W.'s father's stepbrother and lived with L.W.'s family. Id. L.W. said Ducharme began sexually abusing her when she was around three years old and

continued until she was approximately eleven years old. Id. The abuse happened at L.W.'s home in Belcourt on the Turtle Mountain Indian Reservation. Id. L.W. also disclosed the abuse to her stepmother, father, and a school counselor. Id.

In 2021, Ducharme pled guilty to an information charging him with abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5) and 1152. Docs. 43; 46. Christopher Lancaster and Christopher Bellmore represented Ducharme at the change of plea hearing. Doc. 46. After the hearing, Ducharme's counsel withdrew and Nicole Bredahl was appointed as new counsel. Docs. 59; 62. Sentencing proceeded on May 3, 2023. Doc. 80. The Court sentenced Ducharme to life in prison, an upward variance from the guideline range of 188-235 months, and a life term of supervised release. Docs. 81; 82. The Court's statement of reasons indicated the following as relevant in imposing sentence:

> [T]he nature and circumstances of the offense, including role in the offense extreme conduct, and victim impact; the history and characteristics of the defendant, including aberrant behavior and lack of remorse; to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant . . .
>
> In this case, 3553(a)(2)(A) is of particular import, in addition to deterrent effect under 3553(a)(2)(B). Finally, the Court strongly considered 3553(a)(2)(C), and the need to protect the public. The sentence is sufficient, but not greater than necessary, considering all 3553(a) factors.

Doc. 82. Ducharme appealed his sentence. The Eighth Circuit Court of Appeals affirmed his sentence on February 28, 2024. United States v. Ducharme, 93 F4th 1110 (8th Cir. 2024). Ducharme then filed this § 2255 motion on June 25, 2024, alleging ineffective assistance of counsel and other claims related to his convictions in Case No. 3:20-cr-120. Doc. 91.

II.   **LEGAL STANDARD**

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law."

Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is within the district court's discretion. See id.

### III.   DISCUSSION

Ducharme raises claims of ineffective assistance of counsel and allegations that could be construed as challenges to the sufficiency of the evidence.

#### A.   Ineffective Assistance of Counsel

To obtain relief for ineffective assistance of counsel, a petitioner must satisfy the two-part test in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid effects of hindsight and second-guessing. Kemp v. Kelley, 924

3

F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

Second, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). Reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006). Where a petitioner raises multiple ineffective assistance of counsel claims, each must be examined independently. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

Ducharme identifies six errors purportedly committed by counsel:

(1) counsel failed to challenge the institution of the charges; (2) counsel coerced Ducharme into pleading guilty; (3) counsel failed to inform Ducharme of his procedural rights; (4) counsel failed to interview witnesses; (5) counsel failed to investigate the case; and (6) counsel failed to show Ducharme how to appeal.

Docs. 91; 100; 100-1. The Court addresses each claim below.

### 1. Institution of the Charges

Ducharme broadly alleges his counsel failed to challenge the grand jury process, the indictment, or jurisdiction. Doc. 100 at 4. He argues the United States "did not put a sworn affidavit/complaint in front of the grand jury and they did not do an inquiry into any of the victim's credibility or the other facts that could have been used to develop a defense." Doc. 91 at 5. The United States asserts this claim fails for lack of merit. Doc. 93 at 24. The Court agrees.

Importantly, Ducharme pled guilty to an information and waived any indictment by grand jury. Docs. 41-43, 45, 46. Nothing in the record indicates Ducharme entered into the waiver unknowingly or involuntarily. To the extent Ducharme raises this issue as a challenge to the sufficiency of the evidence, that claim also fails. By entering his valid guilty plea, Ducharme waived any challenge to the sufficiency of the evidence supporting his conviction. See United States v. Alvarado-Sanchez, 383 F. App'x 576, 577 (8th Cir. 2010). Finally, Ducharme's statements made under oath at his change of plea and sentencing hearings indicate he was satisfied with his legal representation. Doc. 71 at 6; Doc. 87 at 6. In sum, Ducharme has not advanced any facts to suggest his counsel was deficient on this issue.

Even if Ducharme could show deficient performance, he fails to show the prejudice required under Strickland. He has not shown a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He alleges no specific information regarding what challenging the institution of the charges would have revealed or how such a challenge would have produced a reasonable probability of a different outcome. As a result, the claim fails.

### 2. Guilty Plea

Ducharme argues counsel coerced him into pleading guilty. Doc. 100 at 4; Doc. 100-1 at 2. He alleges he was "persuaded, induced, enticed, and coerced into entering a plea against [his] will." Doc. 100-1 at 2. He was "told by counsel he would get six (6) years if he plead [sic] guilty rather than be exposed to a longer punishment by taking his case to trial. Instead the Court ignored his plea and have him Life." Id. at 1.

This claim fails. First, even if Ducharme's counsel advised him deficiently regarding his potential sentence, this error was rectified by the Court's accurate communication of the potential life sentence, and Ducharme suffered no prejudice. See, e.g., Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997 ("[r]egardless of what his trial counsel advised him concerning the length of the potential sentences that might result from his guilty pleas, the record demonstrates that the trial judge clearly explained the potential maximum sentence to [the petitioner] at the plea proceeding."). Here, the Court communicated the potential life sentence to Ducharme at his change of plea hearing. Doc. 71 at 10-11. Any claim for ineffective assistance related to advice regarding Ducharme's potential sentence fails for lack of prejudice.

Second, Ducharme's claim that he was coerced into a plea agreement is contradicted by the record. Ducharme stated at his change of plea hearing, while under oath, that he was satisfied with his counsel's performance. Doc. 71 at 6. At his sentencing hearing, he again indicated under oath that he was fully satisfied with his representation. Doc. 87 at 6. As a result, Ducharme's current contentions are contradicted by the record. See United States v. Trevino, 829 F.3d 668, 672 (8th Cir. 2016) (failure to assert objections to counsel's performance at the change of plea hearing refutes any claim of ineffective assistance of counsel related to the plea); see also Nguyen

6

v. United States, 114 F.3d 699, 704 (8th Cir. 1997) (delayed claims of ineffective assistance of counsel are insufficient when contradicted by statements on the record made under oath).

While not specifically argued by Ducharme, his allegations could also be construed as a challenge to the voluntariness of his plea. Ducharme's statements at the change of plea hearing also contradict this argument. A defendant's statements at a plea hearing carry a strong presumption of truthfulness. United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008); United States v. Ledezma-Rodrigues, 423 F.3d 830, 836 (8th Cir. 2005). "Allegations that contradict a defendant's statements at the change of plea hearing are inherently unreliable." United States v. McHenry, 849 F.3d 699, 706 (8th Cir. 2017). During the change of plea, Ducharme represented under oath that the plea agreement reflected his full understanding of the agreement (Doc. 71 at 16) and that no promises (such as a certain sentence) had been made in exchange for his guilty plea. Id. Ducharme indicated he was aware that he could receive a sentence of life in prison. Id. at 10-11. He also indicated he was aware of the possibility of upward adjustments in his sentence. Id. at 13. While Ducharme now claims he was led to believe he would receive a sentence of six years, the record decisively refutes his claim. Ducharme was fully aware that he was facing a potential life sentence and indicated he had not been promised anything in return for his guilty plea. The statements made under oath carry far more weight than Ducharme's current contentions. Put simply, the record directly refutes his claims, and he is not entitled to relief on this issue.

### 3. Procedural Rights

Ducharme claims counsel was ineffective by failing to inform him of his procedural rights. Doc. 100 at 4. The Court finds this allegation conclusory, contradicted by the record, and provides no basis for relief. Conclusory allegations are claims that lack factual specificity. See Allen v. Entergy Corp., 181 F.3d 902, 905-06 (8th Cir. 1999). Ducharme does not specify what rights

7

counsel failed to communicate or what counsel should have done differently. Because this claim consists of a single, conclusory allegation, it does not overcome the presumption of reasonable assistance, and as a result, it fails under Strickland.

Even if Ducharme's counsel advised him deficiently regarding his procedural rights, the Court remedied this error when it communicated Ducharme's rights, and Ducharme thus suffered no prejudice. At Ducharme's change of plea hearing, the Court explained waiver of the indictment, the charged offense, the factual allegations, his rights, and the terms of the plea agreement. Doc. 71. Ducharme confirmed that he understood the consequences of waiving the right to indictment. Id. at 7. He also confirmed that he understood the charges against him and the related penalties. Id. at 8-18. He then agreed to waive his rights and plead guilty to the offense. Doc. 71. As a result, any claim for ineffective assistance related to advice regarding Ducharme's procedural rights fails for lack of prejudice.

### 4.     Interviewing Witnesses

Ducharme claims that counsel failed to interview a wide range of witnesses. Doc. 100 at 6. First, he alleges counsel "did not attempt [to interview] any government witnesses" or "the alleged victim." Id. at 7; Doc. 91 at 4. In his reply, he also states:

> Ducharme gave counsel the names of Earl Goodwin, Verlin Dubios, Jennifer Lee Belgarde, Whitehorse Ducharme Jr., Bert Ceicle Lafferty, Officer Crissler, Carol Belgrade, Candice Lee Ducharme, Nacy Sigler, Tammy Lade, Tim Ducharme, Robert Ducharme, Billy McClure, Austin Pierre SD.

Id. at 6. Ducharme states these witnesses would have testified on "topics like alibi defense, character witness and evidence of the victim's motivation to lie." Id. He claims Tammy Lade would prove "[Ducharme] and his family [were] living at her residence in Grand Island Nebraska during the years of the so called incident[.]" Doc. 100 at 8. Yet the record makes apparent that interviews from these individuals would not have detracted from Ducharme's admitted guilt.

8

There is "no per se rule that failure to interview witnesses constitutes ineffective assistance." Sanders v. Trickey, 875 F.2d 205, 209 (8th Cir. 1989). Instead, the outcome depends on the facts of the case. Id. Counsel must have undertaken "an adequate investigation of the facts of the case, consideration of viable theories, and development of evidence to support those theories." Henderson v. Sargent, 926 F.2d 706, 711 (8th Cir. 1991). Ducharme also must demonstrate "what . . . witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For most of the witnesses, Ducharme offers no facts, in the form of witness statements or affidavits, to substantiate his claims. Further, he offers no information whatsoever as to which "government witnesses" his counsel should have interviewed or what an interview with L.W. would have uncovered. In response, Nicole Bredahl's affidavit states that she "employed . . . a private investigator to interview [Whitehorse Ducharme Jr.]" Further, "[a]t no time did Mr. Ducharme indicate to me that he had information that needed to be investigated or other individuals that would have beneficial information. If I had known, I would have had [the investigator] interview those individuals that would have beneficial information." Id. Ducharme's conclusory allegations regarding his counsel's failure to interview is inadequate to show deficient performance. This is especially so given that Ducharme pled guilty to the offense and admitted his guilt to the Court. Doc. 71 at 12.

Ducharme provided affidavits from two of the named witnesses: his wife, Candice Ducharme, and his son, Whitehorse Ducharme Jr.[1] First, Candice Ducharme's affidavit states

---

[1] Ducharme also appears to provide two additional affidavits from William Kinswa and Todd Henderson. Doc. 100-4 at 12; Doc. 100-5. But his argument does not allege counsel's failure to interview Kinswa or Henderson, nor does he allege prejudice. Thus, the Court finds he has not carried his burden to "prove each ground entitling relief." Golinveaux, 915 F.3d at 567. The Court finds that any claim for ineffective assistance based on failure to interview these individuals fails.

9

Ducharme must be released from prison "so that he can continue to care for me." Doc. 100-4 at 1. She says Ducharme "does not deserve to be incarcerated, nor has there ever been any evidence to indicate otherwise." Id. Second, Ducharme claims Ducharme Jr.'s affidavit will state that Ducharme "did not have sex with L.W., [Ducharme Jr.] did." Doc. 100 at 7.

Whitehorse Ducharme Jr. appears to have submitted numerous affidavits relevant to Ducharme's conduct with L.W. Doc. 100-4 at 6-7; Doc. 100-4 at 8-10; Doc. 100-6. Two affidavits, although stating Ducharme Jr. did have sex with L.W., do not state that Ducharme did not have sex with L.W. Doc. 100-4 at 6, 9. One affidavit states "my dad never did have sex with [L.W.,] I did." Doc. 100-6 at 1. But intercourse with L.W. is not part of the factual basis that supports Ducharme's charge under 18 U.S.C. §§ 2244(a)(5) and 1152. Instead, the factual basis states:

> From in or about 2008 until in or about 2016 . . . the Defendant, did knowingly engage in sexual contact or caused sexual contact, that is, (i) the intentional touching through the clothing of the genitalia and buttocks of L.W., an Indian child under the age of 12, with the intent to arouse or satisfy his sexual desire; and (ii) the intentional touching, either directly or through the clothing, of the genitalia of Whitehorse Ducharme . . . by L.W., an Indian child under the age of 12, with the intent to arouse or satisfy his sexual desire.

Doc. 41 at 2. In sum, an allegation that Ducharme "did not have sex with L.W." does not undermine the offense conduct that supports the charge under 18 U.S.C. §§ 2244(a)(5) and 1152.

Ducharme Jr.'s affidavit further states "the story [L.W.] gave about my dad doing that sexual stuff to her happened with me. My Dad was outside with her Dad working on the truck when it happened." Doc. 100-6. The Court is not persuaded by this statement. Ducharme's abuse of L.W. spanned from about 2008 until 2016. Doc. 41 at 2. Ducharme Jr.'s claim that Ducharme "was outside . . . when it happened" similarly does not undermine the offense conduct alleging abuse over the course of many years. As reiterated above, Ducharme pled guilty to the offense, engaging in the following exchange with the Court:

The Court: [A]re you pleading guilty because you are, in fact, guilty of this offense?

10

  Ducharme: Yes, sir.

Doc. 71 at 12. The record and facts of this case clearly cut against Ducharme's argument that counsel improperly refrained from interviewing these witnesses. Further, none of Ducharme's claims or affidavits lead the Court to believe there is a "reasonable probability that, but for counsel's unprofessional errors," that the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. Ducharme's allegations fail to show that he was prejudiced by counsel's representation. As a result, the claim fails to satisfy either prong of the <u>Strickland</u> test and is dismissed.

    **5.**  **Investigating the Case**

 Ducharme makes a broad variety of allegations against counsel for a general failure to investigate the case. But these allegations are either conclusory, contradicted by the record, or inherently incredible. Ducharme also fails to illustrate prejudice.

    **a.**  **Contact with Counsel**

 In his reply, Ducharme claims counsel "didn't see Ducharme for years" and that Ducharme had "no meaningful interviews with any of his lawyers. They did not go over the discovery with him." Doc. 100 at 5-6. Beyond these statements, he asserts no additional concrete facts or allegations that support this claim. Because this claim consists of a single, conclusory allegation, it does not overcome the presumption of reasonable assistance, and as a result, it fails under <u>Strickland</u>. Further, this allegation is contradicted by the record. At Ducharme's change of plea and sentencing hearings, he indicated he had enough time to meet with counsel to prepare for both hearings. Doc. 71 at 5; Doc. 87 at 5. The statements made under oath at those hearings carry far more weight than his current allegation that his contact with counsel was deficient.

  Even if Ducharme could show deficient performance, he fails to show the prejudice required under <u>Strickland</u>. He has not advanced an argument that leads the Court to believe that

11

more contact with counsel would have changed the outcome of the proceeding. As a result, the claim fails.

### b.   Challenging the Forensic Interviewer

Ducharme makes a variety of claims related to the forensic interviewer who interviewed L.W. Doc. 100 at 2. Specifically, he claims that counsel "never checked the credentials, certification, and/or current level of scientific data proven that the forensic interviewer used acceptable constitutional methods." Id. Counsel did not "move the court to hire the defense its own forensic interviewer to conduct [their] own interview of L.W. and to challenge the forensic [interviewer's] training, qualifications, and methods." Id.

Ducharme provides little detail about what such actions would have uncovered. At most, he alleges that it would have prohibited L.W. from describing "a fantasy that never occurred." Id. Again, Ducharme pled guilty to this offense, and stated he pled guilty because he was, in fact, guilty of the offense. Doc. 71 at 12. This directly refutes Ducharme's current suggestion that L.W.'s description of the abuse was a fabrication. Further, at Ducharme's change of plea and sentencing hearings, Ducharme stated he was satisfied with the legal representation he received in this case. Doc. 71 at 6; Doc. 87 at 6. His allegations have not overcome the strong presumption that counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

Even if Ducharme could show deficient performance by counsel, he fails to show the prejudice required under Strickland. He has not advanced any information that leads the Court to believe that challenging the forensic interviewer would have changed the outcome of the proceeding. Id. As a result, this claim fails.

### c.     Hiring an Investigator

Ducharme makes a similar claim about counsel hiring investigators. Doc. 100 at 6. Specifically, "[o]nly one of [Ducharme's] lawyers hired an investigator, but took no photos of the house or the room that the alleged offense took place, and produced no meaningful physical evidence that could have been used to aid in a meaningful defense." Id. What such actions would have revealed is left to the imagination. Ducharme offers no facts indicating what an additional investigator would have uncovered or how such evidence would have changed the outcome of his case. As a result, Ducharme has demonstrated neither deficient performance nor prejudice resulting from his counsel's alleged failure to hire an additional investigator. Accordingly, the claim fails.

### d.     Experts and Motions

Ducharme alleges counsel "called no experts and filed no motions on my behalf challenging any of the government's evidence. He did not put the government's evidence through the adversarial system." Doc. 91 at 4.

First, Ducharme does not specify what experts should have been called. Further, this claim does not fit with the procedural posture of his case, given that it resolved on a plea agreement and did not go to trial. Regardless, Ducharme fails to support his argument with evidence of how an expert would have testified at trial. "[W]here a petitioner alleges ineffective assistance of counsel based on his counsel's failure to . . . call an expert at trial, we require 'evidence of what a scientific expert would have stated' at trial in order to establish Strickland prejudice." United States v. Frausto, 754 F.3d 640, 644 (8th Cir. 2014) (quoting Rodela-Anguilar, 596 F.3d at 462)). As a result, Ducharme's claim regarding experts fails.

13

Second, Ducharme also does not specify which motions counsel should have filed to challenge the United States' evidence. As an initial matter, Ducharme's counsel filed numerous continuance motions on his behalf, stating counsel "needs additional time to properly investigate this matter and prepare for trial." Docs. 22; 28; 32. Further, one motion indicated that counsel:

> [Was] still reviewing discovery with Mr. Ducharme. [Counsel] and Mr. Ducharme need more time to do investigation into some aspects of the discovery that Mr. Ducharme has pointed out and has questions about before Mr. Ducharme is sentenced. [Counsel] and Mr. Ducharme need further time to discuss in depth potential motions that Mr. Ducharme would like to file with the Court.

Doc. 66. Another motion stated:

> [Counsel] is finishing up some further investigation in this matter with our investigation and needs to have another in depth conversation with Mr. Ducharme about possible motions that he would like filed in this case before his sentencing hearing takes place.

Doc. 68. Finally, one motion indicated counsel was working to obtain medical records for inclusion in the Presentence Investigation Report for use as potential mitigation evidence at sentencing. Doc. 49. Based on the record, it is clear that counsel undertook "an adequate investigation of the facts of the case, consideration of viable theories, and development of evidence to support those theories." Henderson v. Sargent, 926 F.2d 706, 711 (8th Cir. 1991). Counsel's decision not to advance certain undisclosed evidentiary arguments does not amount to ineffective assistance. It is clear that Ducharme has not overcome the strong presumption that counsel provided adequate assistance and made all significant decisions in the exercise of professional judgment. Strickland, 466 U.S. at 690.

Even assuming counsel's performance was deficient (an assumption the Court does not endorse), Ducharme failed to present evidence that he was prejudiced. Rather, even if counsel raised evidentiary issues, Ducharme has not advanced any convincing argument that it would have changed the outcome of this case. Accordingly, there can be no prejudice as there is not a

reasonable probability that the result of the proceeding would have been different. The Court finds this claim provides no basis for relief. And given the strong presumption that counsel's performance was reasonable and based on sound strategy, Ducharme's claim fails to satisfy the Strickland test.

### 6. Appeal

Ducharme appears to allege that counsel never showed him how to appeal. Doc. 91 at 4, 5, 7, 10. The Court finds this claim—to the extent it is one—squarely contradicted by the record. To start, Ducharme did appeal. United States v. Ducharme, 93 F.4th 1110 (8th Cir. 2024). If he instead alleges that counsel failed to raise issues on appeal, that claim also fails. "A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). "The Sixth Amendment does not require that counsel raise every colorable or non-frivolous claim on appeal." New v. United States, 652 F.3d 949, 953 (8th Cir. 2011). In Walker v. United States, the Eighth Circuit stated:

> Where, as here appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. This is because one of appellate counsel's functions is to winnow the available arguments and exercise judgment about which are most likely to succeed on appeal.

810 F.3d 568, 579 (8th Cir. 2016). "It is difficult to overcome Strickland's presumption of reasonableness unless the ignored issues are clearly stronger than those presented." Id. (citations omitted).

Nicole Bredahl's arguments on direct appeal concerned Ducharme's sentence and his offense level computation. See Ducharme, 93 F.4th at 1112. To the extent Ducharme maintains Bredahl failed to raise other arguments, he neither compares the strength of these claims to the claims she did assert, nor does he cast doubt on her strategic decision not to raise other arguments.

15

Further, Nicole Bredahl's affidavit indicates that she discussed Ducharme's appeal with Ducharme, Ducharme's wife, and Ducharme's son. Doc. 93-1 at 2. She discussed "what we would be arguing to the Eighth Circuit Court of Appeals" with these individuals and "sent Mr. Ducharme a copy of the brief [she] submitted." Id.

Without more, the Court is left with allegations that do not overcome Strickland's presumption of reasonableness. Further, Ducharme failed to present evidence of prejudice. He must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Ducharme has not presented information that leads the Court to believe the outcome would have been different if counsel raised other issues on appeal. As a result, the claim fails for lack of prejudice and is summarily dismissed.

B.   **Sufficiency of the Evidence**

Many of Ducharme's allegations in his initial § 2255 petition (Doc. 91) and reply to the United States (Docs. 100; 100-1) could be construed as challenges to the sufficiency of the evidence. The United States argues that claims challenging the sufficiency of the evidence are unfit for § 2255 motions and have no merit. Doc. 93 at 24-28. The Court agrees. "Section 2255 does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence, or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal." Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970). Further, Ducharme waived any challenge to the sufficiency of the evidence supporting his conviction when he pleaded guilty. See United States v. Alvarado-Sanchez, 383 F. App'x 576, 577 (8th Cir. 2010). The factual basis admitted to by Ducharme states that he intentionally touched the genitals of a

16

child under the age of 12 with the intent to satisfy his sexual desire. Doc. 41. That is sufficient to convict him of abusive sexual contact, and this claim also fails.

### C. Evidentiary Hearing

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). So, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After review of Ducharme's claims, the record decisively refutes all of the claims presented, or the allegations, even accepted as true, would not entitle him to relief. Dismissal without a hearing on these claims is warranted because no relevant factual dispute exists. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

### IV. <u>CONCLUSION</u>

The Court has reviewed the record, the parties' filings, and the relevant case law. Ducharme's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 91) is **DENIED**. Ducharme's motion for evidentiary hearing (Doc. 101), motion for subpoena (Doc. 103), ex parte motion for subpoena ad testificandum (Doc. 104), and motion to amend or correct (Doc. 98) are also **DENIED**.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the

motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Ducharme desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated this 29th day of January, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court